IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEVONTA MONTELL HOES                                                           PETITIONER

V.                    Civil No. 2:24-cv-02106-TLB-MEF

OFFICER MATTHEW GWIN                                          RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). The Respondent has not been directed to file a response and none is necessary. The matter is ready for Report and Recommendation.

## I.     BACKGROUND

Petitioner, Devonta Montell Hoes ("Hoes"), filed his *pro se* Petition on August 14, 2024. (ECF No. 1). The Petition concerns his state criminal case, *State of Arkansas v. Devonta Montell Hoes*, Case No. 66FCR-24-134.[1] State court records show that Hoes was initially charged on February 5, 2024, with Trafficking in Fentanyl, Delivery of Fentanyl, Simultaneous Possession of Drugs and Firearms, and Tampering with Physical Evidence. On June 5, 2024, Hoes appeared with his court-appointed public defender for a change of plea hearing. The State of Arkansas announced its decision to *nolle pros* the Trafficking in Fentanyl charge, and Hoes entered a negotiated plea of guilty to the other three charges. Hoes was sentenced to the Arkansas Division of Correction for 336 months (28 years), plus 144 months (12 years) suspended imposition of sentence, on the Delivery of Fentanyl and Simultaneous Possession of Drugs and Firearms charges,

---

[1] Hoes states that he was sentenced on June 5, 2024, to 28 years imprisonment, plus an additional 12 years suspended imposition of sentence. (ECF No. 1, p. 1). Information regarding the Petitioner's state court case was located on caseinfo.arcourts.gov.

1

and he was sentenced to 72 months (6 years) on the Tampering with Physical Evidence charge, with all sentences to run concurrently with each other. The Sentencing Order was entered on June 11, 2024. No appeal was taken. (ECF No. 1, p. 2). No post-conviction proceeding pursuant to Ark. R. Crim P. 37.1 was filed (*Id*., p. 3), and the time to do so under Ark. R. Crim. P. 37.2(c)(i) (90 days) has now passed.

In his § 2254 Petition now before the Court, Hoes claims that the initial stop "was a fishing expedition which made my arrest unlawful," that the Prosecuting Attorney violated the Brady rule by failing to provide Hoes with all the evidence to be used against him, and that his counsel was ineffective because she never counseled him but "ass[isted] the prosecutor threatening and coercing me and bring me under duress." (ECF No. 1, pp. 5-9). For relief, Hoes wants "total exoneration from all charges and [$]500,000." (*Id*., p. 15).

Because Hoes did not name his current custodian as the Respondent, *see* Rules Governing § 2254 Cases, Rule 2(a), the Court entered an Order on September 13, 2024, directing Hoes to file an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 on or before October 14, 2024. Instead of doing so, Hoes filed a pleading entitled "Entry of Default" on September 25, 2024. (ECF No. 5). Noting that Petitions for habeas corpus relief under 28 U.S.C. § 2254 are subject to preliminary review by the Court, and if a petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, and that no response had yet been ordered, Hoes's motion for default judgment was denied by Order entered on September 26, 2024. (ECF No. 6).

Four days later, Hoes filed a Motion for Summary Judgment.[2] On October 7, 2024, Hoes filed a notice (ECF No. 8) advising that he had not received the Court's previous Order directing him to file an Amended Petition, so a copy of the Court's earlier Order (ECF No. 4) and a blank standard form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (AO 241) were mailed to him at the Sebastian County Detention Center, and he was given until November 12, 2024, to file his Amended Petition. (ECF No. 9). Hoes has not filed an Amended Petition Under 28 U.S.C. § 2254 as ordered by the Court.

## II. DISCUSSION

### A. Failure to Comply with a Court Order

Due to a deficiency in his § 2254 Petition, namely, failing to name his current custodian as the respondent, Hoes was given an opportunity to correct the deficiency by filing an Amended Petition. An Order entered on September 13, 2024, directed him to file an Amended Petition no later than October 14, 2024, naming as the respondent his current custodian. (ECF No. 4). Prior to the expiration of that deadline, Hoes submitted a notice (ECF No. 8) advising the Court that he had not received a copy of the Court's Order directing him to file an Amended Petition. Hoes stated, "I would like a blank writ of habeas corpus so I can amend it and I would like to know what deficiency was found on my writ of habeas corpus so I can fix it." *Id*. The Court then directed the Clerk to send Hoes a copy of the Court's Order (ECF No. 4) and a blank petition for writ of habeas corpus under 28 U.S.C. § 2254, and the deadline for submission of the Amended Petition was

---

[2] The Motion for Summary Judgment listed both of his pending case numbers, including 2:24-cv-02096, which is his case brought under 42 U.S.C. § 1983, and the instant habeas corpus case brought under 28 U.S.C. § 2254. The Motion for Summary Judgment in this habeas case was denied by Order entered on October 11, 2024. (ECF No. 10).

3

extended to November 12, 2024. (ECF No. 9). Hoes has not filed an Amended Petition and the deadline to do so has passed.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

To date, Hoes has failed to file an Amended Petition as ordered by the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), his pending § 2254 Petition is subject to dismissal.

Hoes' pending § 2254 Motion is also subject to summary dismissal for other reasons, as will be discussed below.

### B. Effect of Hoes' Guilty Pleas

The state court record makes clear that Hoes entered negotiated pleas of guilty to the offenses which he now challenges. It is well established that a defendant who enters a guilty plea

waives all non-jurisdictional defenses. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (guilty pleas in the *Brady*[3] trilogy were found to foreclose direct inquiry into the merits of claimed antecedent constitutional violations); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) ("In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction," including claims regarding search and seizure), *cert. denied*, 493 U.S. 869 (1989). Thus, under the *Tollett* line of cases, a defendant who voluntarily and intelligently enters a plea of guilty is precluded from later obtaining collateral review of antecedent non-jurisdictional defects.

When a guilty plea is entered, the focus of a subsequent collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the guilty plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citing *Tollett*, 411 U.S. at 266). As the Court in *Tollett* observed:

> ". . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, *he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea* by showing that the advice he received from counsel was not within the standards set forth in *McMann*[4].
>
> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, (internal citation omitted) it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry

---

[3] *Brady v. United States*, 397 U.S. 742 (1970).
[4] *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

such a pursuit would have uncovered a possible constitutional infirmity in the proceedings." *Id*. at 267. (Emphasis added.)

The standard for determining the validity of a guilty plea remains whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), *Machibroda v. United States*, 368 U.S. 487, 493 (1962), and *Kercheval v. United States*, 274 U.S. 220, 223 (1927). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). A defendant has a heavy burden to overcome those admissions and show that his guilty plea was involuntary. *Blackledge v. Allison*, 431 U.S. 63, 72-74 (1977).

Hoes' first two grounds for federal habeas relief center on non-jurisdictional claims that were antecedent to his guilty pleas. In Ground One, he states "[t]he initial stop was a fishing expedition which made my arrest unlawful." (ECF No. 1, p. 5). In Ground Two, he asserts that "[t]he prosecutor violated the [B]rady law (rule)." *Id*., p. 7. Both claims concern events that occurred prior to the entry of his guilty pleas. Regarding the allegedly involuntary nature of his guilty pleas, Hoes only states, "I involuntarily made a guilty plea on all three counts under threats, duress, and coercion." *Id*., p. 2. Such vague and general allegations are insufficient to support a claim for for habeas relief. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are

wholly incredible."); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims of ineffective assistance of counsel); *Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983) (conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or post-conviction relief); *Greene v. State*, 356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark. 2004) (same).

Hoes waived his complaint that the initial stop was an unlawful "fishing expedition," and that the Prosecuting Attorney had not given him *Brady* materials when he entered guilty pleas to the offenses of conviction. His subsequent vague and conclusory allegations that his guilty pleas were involuntary afford him no basis for relief. His first two grounds for relief are, therefore, subject to summary dismissal.

### C.  Procedural Default

Additionally, a review of Hoes' pending § 2254 Motion shows that he has procedurally defaulted his third ground for relief - his claim of ineffective assistance of counsel.

Procedurally defaulted claims are "contentions of federal law which were not resolved on the merits in the state proceeding due to [a federal habeas petitioner's] failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). A federal habeas petitioner must show that he "has exhausted the remedies available in the courts of the State" as a precondition to seeking relief under the federal habeas statute. 28 U.S.C. § 2254(b)(1)(A). A claim that is procedurally defaulted is considered to rest upon an adequate and independent state ground and is thus insulated from federal habeas review. *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

In Arkansas, claims of ineffective assistance of counsel must be raised in a timely petition for post-conviction relief pursuant to Rule 37.1. *Newton v. State*, 2014 Ark. 538, at *3, 453 S.W.3d 125, 127 (per curiam); *see also Bond v. State*, 2013 Ark. 298, at *7, 429 S.W.3d 185, 191 (rejecting claim of conflicted counsel in Rule 37). Because Hoes pleaded guilty and did not pursue a direct appeal, his Rule 37 petition was due 90 days after the date of entry of judgment. Ark. R. Crim. P. 37.2(c)(i). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if a petition is not filed within the prescribed period, a trial court lacks jurisdiction to grant post-conviction relief. *Harris v. State*, 2017 Ark. App. 381, at *8–9, 526 S.W.3d 43, 49. The failure to file a timely Rule 37 petition alleging ineffective assistance of trial counsel in the Arkansas state courts results in a procedural default when a federal habeas petitioner attempts to raise those claims in a § 2254 petition. *See Walker v. Lockhart*, 852 F.2d 379, 381 (8th Cir. 1988), *cert. denied,* 489 U.S. 1088 (1989).

Here, the date of judgment is June 11, 2024, the date when the state court entered its Sentencing Order. Pursuant to Rule 37.2(c)(i), Hoes had 90 days from that date, or until September 9, 2024, to file a timely petition for post-conviction relief pursuant to Rule 37.1. Hoes did not raise any claims of ineffective assistance of counsel in the state court in a timely Rule 37 petition for post-conviction relief. Instead, he filed his current § 2254 Motion in this Court on August 14, 2024, and his Motion makes clear that he had not previously filed for post-conviction relief in state court. (ECF No. 1, pp. 3, 6, 9). The state court record confirms that no petition for post-conviction relief pursuant to Rule 37.1 was ever filed by Hoes in state court, and the time to do so has passed. His claim of ineffective assistance of counsel before this Court is, therefore, procedurally defaulted.

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the United States Supreme Court reaffirmed the

8

general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), that a prisoner bears the risk of an attorney's negligence in state post-conviction review. Because such errors are not considered external to the petitioner, they cannot serve as "cause" to excuse a procedural default in federal habeas. The Court, however, created a "narrow exception" to this general rule, holding that "where, under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default may not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, *in the initial-review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective*." *Martinez*, 566 U.S. at 17 (emphasis added). This plain language indicates that the narrow exception to procedural default applies *only when an initial collateral review proceeding was initiated*.

Reinforcing that message, the *Martinez* Court made it exceedingly clear that *Coleman*'s rules charging the prisoner with fault for his or his counsel's failings in post-conviction "governs in all but the limited circumstances" presented in *Martinez* itself, which included the actual timely and proper initiation of state post-conviction collateral proceedings. *See Martinez*, 566 U.S. at 16. The Court explained its reasoning:

> "[a]llowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, *if undertaken* without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective-assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, when the claim should have been raised was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)."

*Martinez*, 566 U.S. at 14 (emphasis added).

9

Under the equitable principles applied in *Martinez*, the absence of counsel on initial post-conviction collateral review is "cause" to excuse the default of a substantial ineffective assistance of trial counsel claim only when a State fails to appoint counsel *after a petitioner properly has initiated those proceedings* to challenge his trial counsel's performance. *See, e.g., Jones v. Penn. Bd. of Probation and Parole*, 492 F. App'x 242, 246-47 (3rd Cir. 2012), *cert. denied*, 568 U.S. 1167 (2013); *Castillo v. Ryan*, No. 11-571-TUC-JGZ (LAB), 2013 WL 3282547, at *5 (D. Ariz. June 28, 2013); *Uptegrove v. Villmer*, No. 12-0456-CV, 2012 WL 3637707, at *3 n.2 (W.D. Mo. Aug. 22, 2012); *Trust v. Larkins*, No. 4:09-CV-1101, 2012 WL 4479088, at *8 (E.D. Mo. July 20, 2012), *report and recommendation adopted by*, 2012 WL 4480719 (E.D. Mo. Sept. 28, 2012); *Anderson v. Koster*, No. 11-1227-CV, 2012 WL 1898781, at *9 (W.D. Mo. May 23, 2012); *Bland v. Hobbs*, No. 5:11-CV-286, 2012 WL 2389904, at *3 n.5 (E.D. Ark. June 12, 2012), *proposed findings and recommendations adopted by*, 2012 WL 2874118 (E.D. Ark. July 13, 2012). "The Supreme Court was adamant that its holding in *Martinez* created only a 'limited' and 'narrow' exception to the rule established in *Coleman* [*v. Thompson*, 501 U.S. 722 (1991)]." *Jones v. Penn. Bd.*, 492 F. App'x at 246 (citing *Martinez*, 566 U.S. at 9, 15). "Were it otherwise, the *Martinez* rule would encourage sandbagging substantial claims of ineffective assistance and could potentially apply to any defendant who failed to petition for state collateral review." *Id.* at 247.

Hoes never filed a Rule 37 petition in state court to assert any claims of ineffective assistance of trial counsel, so the narrow exception set forth in *Martinez* does not apply to excuse his procedural default. *See, e.g., Bell v. Kelley*, No. 5:17-CV-00234-SWW/JTR, 2018 WL 3653317 at *6 (E.D. Ark. June 29, 2018) ("because Bell failed to file a timely Rule 37 petition, *Martinez* does not apply to his ineffective assistance of counsel claim").

10

Accordingly, Hoes' third ground for federal habeas relief, his claim of ineffective assistance of counsel, is inexcusably procedurally defaulted and should be dismissed.

### III.   CONCLUSION

For the reasons discussed above, it is RECOMMENDED that Hoes' pending Motion Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE